---

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| DAVID E. BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>SOUTHERN UTAH UNIVERSITY, et al.,<br><br>    Defendants. | Case No. 2:08cv0542 TC<br><br>**MEMORANDUM DECISION and ORDER**<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

Before the court are three motions: first a motion to quash service of process filed by Defendants;[1] second, a motion to quash service of process attempted on August 21, 2008;[2] and finally, a motion to compel Defendants to answer the Complaint filed by Plaintiff, David Brown.[3]  Rule 4 of the Federal Rules governs service of process.  As outlined in further detail below, pursuant to Rule 4 the Court finds service has not been effectuated on Defendants in this case.  Therefore, the court GRANTS Defendants' motions to quash and DENIES Plaintiff's motion to compel.

On July 17, 2008, Mr. Brown filed a Complaint alleging Defendants violated his constitutional rights while Plaintiff was attending Southern Utah University (University).

---

[1] Docket no. 10.
[2] Docket no. 16.
[3] Docket no. 24.

Plaintiff, who alleges he is part of a protected class,[4] sought to withdraw from all classes because

of a disability that prevented him from attending classes during a certain semester.[5]  The

University assigned Mr. Brown an unauthorized withdrawal (UW) for all classes during this

semester and then used these hours in its calculations which lead to Plaintiff exceeding the 183

credit hour limit.[6]  Because Mr. Brown was over the limit he "was denied additional financial aid

in order to complete his degree."[7]  Allegedly, Mr. Brown only needs four additional classes to

graduate.

    Also on July 17, 2008, Plaintiff filed a motion for service of process that this court

granted.[8]  Pursuant to Rule 4(c)(3) a court "may order that service be made by a United States

marshal or deputy marshal or by a person specially appointed by the court."[9]  Instead of waiting

for the marshals to serve Defendants, however, Plaintiff sought to serve Defendants himself by

handing a summons and copy of the complaint for each Defendant to Assistant Utah Attorney

General D. Michael Carter.  Mr. Carter acts as legal counsel for Southern Utah University.[10]

According to Mr. Carter's affidavit, Mr. Brown arrived at his office and handed him a stack of

papers which contained the summons and copy of the complaint for each named Defendant.[11]

---

[4] *See* Compl. p. 5-6.
[5] *See id.* p. 3.
[6] *See id.*
[7] *Id.*
[8] Docket no. 6.
[9] Fed. R. Civ. P. 4(c)(3).
[10] *See* mem. in supp. p. 2, docket no. 11.
[11] *See* Affidavit of Mr. Brown attached as exhibit A to Defendants' memorandum in support.

Mr. Carter's secretary, Kathleen McDowell, also witnessed this exchange and filed an affidavit with the court.[12]

Mr. Brown contests Mr. Carter's version of the facts and argues that it was his son, Brian Brown, who handed him the summons.  Mr. Brown also asks the court to hold Mr. Carter in contempt of court and fine him for his lies to the court.[13]  Both Mr. Brown and his son filed affidavits attesting to their version of the facts.

Rule 4(c)(2) provides that service must be performed by "any person who is at least 18 years old and not a party."[14]  Mr. Brown admits that he is not a lawyer and does not fully understand the "in's and out's"[15] of the law.  Although Mr. Brown contests that service was proper, the court finds based upon the evidence before it that service was improper under Rule 4(c)(2).  Plaintiff should have waited for this court to rule on his motion for service of process before seeking to take matters into his own hands.  Accordingly, the court GRANTS Defendants' first motion to quash service of process.  The court also declines Mr. Brown's invitation to hold Mr. Carter in contempt because there is no evidence before the court indicating Mr. Carter is lying.

Next, Defendants contest the service of process attempted on August 21, 2008.  Defendants argue that service was attempted by certified mail "which is not a permissible

---

[12] *See* Reply p 2-
[13] *See* Op. p. 2, docket no. 15.
[14] Fed. R. Civ. P. 4(c)(2).
[15] Op. p. 2.

method of serving process"[16] and even if it were permissible, some individuals who received the certified mail were not authorized to accept service.

As noted by Defendants "Service of process . . . is fundamental to any procedural imposition on a named defendant."[17]  [O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party must appear and defend."[18]  "Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."[19]

Here, none of the Defendants have agreed to waive service of process.  And, the court agrees with Defendants, the law does not permit service upon Defendants via certified mail. Accordingly, the court GRANTS Defendants motion to quash service attempted on August 21, 2008.

Next, because Defendants have not been properly served, the court finds Defendants cannot be compelled to answer the Complaint.  Therefore, the court DENIES Mr. Brown's motion to compel.

Finally, in an attempt to help prevent further delay and needless expense in this case, the court notes the following from Defendants' memorandum in support of their motion to quash the service of process attempted on August 21, 2008:

---

[16] Def.s' motion to quash service p. 1.
[17] *Murphy Bros. Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).
[18] *Id.*
[19] *Id.* at 351.

> service of process upon the University or its unidentified officers may be performed by (1) service on its executive officer, or (2) service upon the Utah Attorney General and any other person required to be served. Service on the Board of Trustees may be performed by serving: (1) any member of its governing board, (2) its executive employee, or (3) its secretary.
>
> . . .
>
> to the extent that the attempted service of process on the Registrar and the Director of Financial Aid has any meaning at all, it must be simply another method of serving the University itself.[20]

It appears Mr. Brown's complaint centers on the conduct of Southern Utah University and some

of its employees.  Thus, the marshals are ordered to properly serve the alleged Defendants in

accordance with the representations made by Defendants in their memorandum.


        DATED this 26 day of November, 2008.


                              Brooke C. Wells
                              United States Magistrate Judge

---

[20] Mem. in supp. p. 5-6