IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| DAVID E. BROWN, | : | Case No.  2:08 CV 00542 |
| Plaintiff, | : | |
| vs. | : | **REPORT AND RECOMMENDATION DENYING SUMMARY JUDGMENT** |
| SOUTHERN UTAH UNIVERSITY; President Steven D. Bennion; Southern Utah Board of Trustees, John or Jane Doe's et al; Financial Aid Director John or Jane Doe et al; Registrar John or Jane Doe, et al. | : | **AND ARBITRATION AND GRANTING RULE 56(f)** |
| | | Judge Tena Campbell |
| Defendants. | | Magistrate Judge Brooke C. Wells |

This matter came before Magistrate Judge Brooke Wells from a referral by District Judge Tena Campbell pursuant to 28 U.S.C. §636(b)(1)(B).  Currently before the court are three pending motions: Plaintiff's motion for summary judgment, Defendants' motion for relief under Rule 56(f)of the Federal Rules of Civil Procedure and Plaintiff's motion for arbitration.

Having reviewed the parties' motions and accompanying memoranda, the Court now recommends that Plaintiff's motion for summary judgment and arbitration be denied, and that Defendants' motion for relief pursuant to Rule 56(f)be granted.

Federal Rule 56(f) provides,

> Should it appear from the affidavits of a party
> opposing the motion that the party cannot for reasons
> stated present by affidavit facts essential to justify
> the party's opposition, the court may refuse the
> application for judgment or may order a continuance to
> permit affidavits to be obtained or depositions to be
> taken or discovery to be had or may make such other
> order as is just.[1]

"The general principle of Rule 56(f) is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"[2] Furthermore, "'[u]nless dilatory or lacking in merit, [a Rule 56(f)] motion should be liberally treated.'"[3] Factors which weigh in favor of relief under Rule 56(f) include no discovery having yet been completed and the movant's "exclusive control"[4] of information necessary to the non-moving party's opposition.

In this case, both factors are present.  First, Mr. Brown filed his motion for summary judgment before any scheduling order was in place and neither party has conducted any discovery.  Mr.

---

[1]Fed. R. Civ. P. 56(f)

[2]Price v. Western Resources, Inc., 232 F.3d 779, 783 (10th Cir. 2000) (alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986)).

[3]Committee for First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992) (citation omitted).

[4]Price, at 783.

Brown's motion for summary judgment was filed a mere seven days after Defendants' answer was filed.[5]  Second, Plaintiff retains exclusive control over information relevant to his claim as a "qualified individual with a disability" under the Americans with Disabilities Act ("ADA")and the Rehabilitation Act of 1973 ("Rehab Act").[6] Defendants are entitled to conduct discovery on these claims.

For these reasons, the Court hereby recommends that Defendants' properly supported[7] Rule 56(f) motion be granted thereby allowing additional discovery to occur.  Mr. Brown's pending motions for summary judgment and for arbitration may be renewed, if necessary, upon completion of discovery.

_____

[5]Docket Nos. 36 (filing date of Defendants' answer 1/14/09) and 37 (filing date of Plaintiff's motion for summary judgment 1/22/09).

[6]*See,* 29 U.S.C. § 705(20)(B; 42 U.S.C. § 12102(2).

[7]"A prerequisite to granting relief [pursuant to Rule 56(f)] . . . is an affidavit furnished by the nonmovant. Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. In this circuit, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact." Committee for First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992) (citation omitted).  Defendants provide the affidavit of attorney Timothy D. Evans in support of their motion (Docket at 41).

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  The parties must file any objection to the Report and Recommendation within ten days after receiving it.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this __1__ day of May, 2009.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge

4